IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

* * * * * * * * *

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 1:98-CR-001 BSJ |
| Plaintiff, ) | |
| ) | **MEMORANDUM OPINION AND** |
| vs. ) | **ORDER** |
| ) | |
| BRYON LEE KING, ) | **FILED** |
| ) | CLERK, U.S. DISTRICT COURT |
| Defendant. ) | March 14, 2008 (3:16pm) |
| ) | DISTRICT OF UTAH |

* * * * * * * * *

This matter is before the court on Defendant Bryon L. King's *pro se* petition for early termination of his term of supervised release. (Motion for Early Termination of Supervised Release (dkt. no. 47)). After receiving Defendant's petition on February 27, 2008, the court noticed the matter to be heard on March 7, 2008. The United States did not file a written response to Defendant's petition. And according to the updated Report on Offender Under Supervision filed by the United States Probation Office, the United States represented to the Probation Office in February of 2008 that it did not object to the early termination of Defendant's term of supervised release and that it would defer to the court for a ruling on the matter.

On March 7, 2008, the matter came on for hearing. The United States appeared and, contrary to the earlier representation made to the Probation Office that there was no objection, objected to the Defendant's petition. The court reserved on the matter.

The court has carefully considered the relevant law and the facts of this case. Now being fully advised, the court grants Defendant's petition, as set forth below.

**I.     DISCUSSION**

On April 17, 1998, Defendant pleaded guilty to one count of possession of methamphetamine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1).  (*See* Minute Entry, dated April 17, 1998 (dkt. no. 33).)  On July 20, 1998, Defendant was sentenced to the custody of the U.S. Bureau of Prisons for 120 months and to a term of five years of supervised release.  (*See* Minute Entry, dated July 20, 1998 (dkt. no. 38).)  Later, after Defendant filed a motion pursuant to 28 U.S.C. § 2255, the court determined that there was an error in Defendant's sentencing.  (Order, dated April 30, 2002 (dkt. no. 46).)  The court thereafter corrected Defendant's sentence and reduced Defendant's term of imprisonment from 120 months to 96 months.  (*Id.*)

Defendant's term of supervised release commenced on December 27, 2004.  As of the date of this Order, Defendant has served over three years and two months of his term of supervised release.  Defendant has been cooperative with the Probation Office and has fully complied with the conditions of his release.  During Defendant's term of supervised release, he actively participated in drug and alcohol aftercare treatment and successfully completed the treatment program in August of 2006.  Defendant has submitted to and consistently passed random drug and alcohol tests, and there has been no evidence that Defendant has possessed or used alcohol or controlled substances during his term of supervised release.  Unlike many, Defendant seems to have turned himself around.  He has assumed his parental responsibilities and has disassociated himself from destructive influences and peers.  Defendant has also maintained full-time employment, with excellent reports from his employer.

The Probation Office has no objection to the early termination of Defendant's term of

supervised release.

The United States, on the other hand, now objects to Defendant's term of probation being terminated before the original expiration date. According to the United States, the court has no discretion to terminate Defendant's mandatory term of supervised release prior to completion of the entire term.

In its consideration of the matter, the court learned by its own efforts that the question of whether a district court has the authority to terminate a defendant's term of supervised release before the completion of the entire term – the issue raised by Defendant's petition – was recently addressed in *United States v. McClister*, 2008 U.S. Dist. LEXIS 2809 (D. Utah January 14, 2008). In *McClister*, Judge Stewart addressed the conflict between the minimum mandatory supervised release terms in the Anti-Drug Abuse Act and the court's authority to terminate supervised release under 18 U.S.C. § 3583(e). After carefully considering the issue, as well as decisions from other courts considering the same issue, the court in *McClister* concluded that, contrary to the United States' position in this case, a district court has the authority under 18 U.S.C. § 3583(e) to terminate a defendant's term of supervised release before the entire term of release has been served.[1]

This court agrees with and adopts the reasoning of *McClister*. The Anti-Drug Abuse Act requires courts that are imposing a sentence of imprisonment for the type of drug offense that Defendant committed in this case to also impose a minimum four-year term of supervised release in addition to the term of imprisonment. 21 U.S.C. § 841(b)(1)(B). There is no dispute that this

---

[1] The court expects that the United States would ordinarily bring case law or other authority that is contrary to its position to the court's attention. Perhaps because of some internal mis-communication, that did not occur in this case.

requirement was met when the court sentenced Defendant to a five-year term of supervised release.  However, the Anti-Drug Abuse Act "did not amend 18 U.S.C. § 3583(e)(1), the subsection giving the district courts discretionary authority to terminate supervised release after the completion of one year."  *United States v. Spinelle*, 41 F.3d 1056, 1058 (6th Cir. 1994) (cited in *McClister*, 2008 U.S. Dist. LEXIS 2809, at * 3-4).  Thus, even though the court was required to sentence Defendant to at least a four-year term of supervised release, it still had the subsequent discretionary authority to terminate Defendant's term of supervised release after one year of completion.  "[T]he sentencing phase is different than post-sentence modification," *Spinelle*, 41 F.3d at 1060, and the court has discretion under 18 U.S.C. § 3583(e)(1) to evaluate a defendant's rehabilitation efforts and in appropriate cases terminate a mandatory term of supervised release at some point after one year, but before the entire term has been completed.  This conclusion is consistent with the notion that it is in keeping with "'federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue.'" *Gall v. United States*, 128 S. Ct. 586, 598, 169 L. Ed. 2d 445 (quoting *Koon v. United States*, 518 U.S. 81, 113, 116 S. Ct. 2035, 135 L. Ed. 2d 392 (1996)).

In this case, the court has been very impressed with Defendant's efforts.  In the court's opinion, Defendant's progress has been exceptional.  Having considered the particular circumstances of this case, along with the factors set forth in 18 U.S.C. § 3553(a), the court determines that early termination of Defendant's term of supervised release is appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *pro se* petition for early termination of

supervised release (dkt. no. 47) is GRANTED.

**IT IS FURTHER ORDERED** that Defendant's term of supervised release is terminated.

DATED this ____ day of March, 2008.

BY THE COURT:

_____
Bruce S. Jenkins
United States Senior District Judge

supervised release (dkt. no. 47) is GRANTED.

**IT IS FURTHER ORDERED** that Defendant's term of supervised release is terminated.

DATED this 14th day of March, 2008.

BY THE COURT:

_____
Bruce S. Jenkins
United States Senior District Judge

United States District Court
for the
District of Utah
March 14, 2008

\*\*\*\*\*\*MAILING CERTIFICATE OF THE CLERK\*\*\*\*\*\*

RE:   USA v. King
      1:98-cr-0001 BSJ


Bryon Lee King
1145 E 3150 N
LAYTON, UT 84040